UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

FREDDIE LYNN CHANDLER        CIVIL ACTION 08-1634

VERSUS        U.S. DISTRICT JUDGE DEE DRELL

ENCOMPASS INDEMNITY CO.
       U.S. MAGISTRATE JUDGE JAMES D. KIRK

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's motion to remand, **Doc. 7**, referred to me by the district judge for report and recommendation.

This is a suit in which plaintiff claims entitlement to the contents coverage of a fire policy. Suit was filed in state court in Grant Parish and removed by the defendant to this court based on diversity jurisdiction. Defendant stated, in its Notice of Removal, that the amount in controversy exceeds the jurisdictional limits of this court, $75,000, because plaintiff claims entitlement to the policy limit of his policy. The policy limit is $69,370. Defendant also suggests that "in the event" plaintiff seeks penalties under Louisiana law the amount in dispute "clearly" exceeds $75,000.

Plaintiff moves to remand asserting that defendants have failed in their burden to prove jurisdiction and that the most he can receive is $69,370.

1

## Analysis.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought, except in certain circumstances. La. Code Civ. P., Art. 893. Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra. The defendant may make this showing in either of two

ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute, for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra. While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC)

3

v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra. See also, (De Aquilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal. Allen, 63 F.3d at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages. However, he attaches to the motion to remand a copy of the declarations page of the insurance policy showing that the total contents coverage is $69,370. The petition does not request penalties or attorney fees but does seek legal interest. By statute, legal interest is not considered in determining the amount in dispute. 28 U.S.C. §1332(a).

It is not facially apparent that the damages exceed the jurisdictional limit. Rather, the claims made in this case are similar to those made "with little specificity" in Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Compare Luckett supra, and Gebbia, supra. Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000. This defendant has failed to do. In any event, plaintiff has shown that he may not recover more than the policy sets forth, $69,370.

Defendant, however, cites Bruce v. Fisher, #06-0840 (W.D. La. 2006) and suggests that, because plaintiff did not specifically allege damages less than $75,000 in accordance with

Louisiana procedural law, there is a presumption that the damages sought exceed the jurisdictional limits. In Bruce, a magistrate judge of this court found that, because plaintiff failed to comply with Louisiana procedural rules and state whether the claim exceeded federal jurisdictional limits, there arose a presumption that the damages sought do exceed the jurisdictional limits of federal court.

Although the statute, La.CCP Art. 893, provides that a statement of the amount of damages sought is "required" where "necessary [among other things] to establish the lack of jurisdiction of federal courts",
whether, in a particular case, the statement is "necessary" or not may be a matter of opinion or strategy. For example, perhaps a plaintiff is not particularly concerned with whether federal jurisdiction attaches or not and thus finds it is not "necessary" to establish the lack of federal jurisdiction. Therefore, since a party is not required in every case to make a statement, I do not agree that a party's failure to make a statement in accordance with Art. 893 means it has conceded that federal jurisdiction exists. This is especially true in light of the Fifth Circuit's recent opinion in In re 1994 Exxon Chemical Fire, ___F.3d.___ 2009 WL 252018 (5th C. 2009) where the court held that the such a statement is not determinative of whether the amount in dispute exceeds the jurisdictional limits.

5

Rather, the proper approach is to follow the Fifth Circuit's clear analytical framework, set forth above, to determine jurisdiction. Instead of a presumption applying, it remains defendant's burden to show that federal jurisdiction exists.

For these reasons, IT IS RECOMMENDED that plaintiff's Motion to Remand be GRANTED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 9th day of March, 2009.

*James D. Kirk*
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE